PAYNE v. STATE OF INDIANA.

[No. 24,291.   Filed February 29, 1924.]

1. LARCENY.—*Evidence to Convict.*—*Sufficiency.*—Evidence *held* sufficient to convict of charge of larceny as against defendant's contention that he was too intoxicated at the time of the commission of the crime of entertain a felonious intent.  p. 366.

2. LARCENY.—*May be Conviction on Charge of Robbery.*—*Statute.*—Under §2148 Burns 1914, Acts 1905 p. 584, §272, a defendant may be convicted of larceny on a charge of robbery. p. 366.

3. CRIMINAL LAW.—*Evidence, Sufficient to Convict.*—*Testimony of Accomplice.*—A defendant may be convicted on the uncorroborated testimony of an accomplice.  p. 368.

From Delaware Circuit Court; *Leonidas A. Guthrie,* Special Judge.

Cecil Payne was convicted of grand larceny, and he appeals. *Affirmed.*

*Thomas V. Miller* and *Raymond C. Gray,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of grand larceny, the indictment having charged him and three others, jointly, with the crime of robbery, as defined by Acts 1921 p. 138 (§2246 Burns' Supp. 1921). His motion for a new trial for the alleged reason that the verdict is not sustained by sufficient evidence and is contrary to law was overruled, and he excepted, and has assigned that ruling as error. There was evidence which, if believed, might be accepted as proof that appellant had a good reputation for morality, honesty and integrity, that two or three hours before the money was taken appellant was "staggering drunk," that afterward, he drank more than a pint of intoxicating liquor, and that then, upon a suggestion by one of his companions that they "go get some whiskey", he borrowed an automobile and went with them for that purpose; that he was so drunk he did not know what happened when his companions "held up" a merchant, and took his money, and that the money found in defendant's possession was the proceeds of a check which he received for working on the road. But there was also evidence on which the state relies to the following effect; that appellant was twenty-nine years old, and lived with his mother and brothers and sisters on a farm three miles south of Fairmount, in Grant county, Indiana; that he had not been home since the day before, and at about six o'clock on the evening of Monday, January 23, 1922, was in a pool-room at Fairmount talking to his codefendant, McKinley, when McKinley said to another codefendant, "Let's go out and get a little bit of easy money this evening", and told appellant to get a car; that appellant went out and came back with a car, and, with his three codefendants in the car, drove it to Wheeling in Delaware county, Indiana, some twelve miles southeast of Fairmount; that the weather was cold and there was snow on the ground,

and it had been sleeting all the evening, and the roads were "slick"; that appellant drove a quarter of a mile past the village of Wheeling, where all of his companions got out and two of them cut the telephone wires, while appellant drove farther down the road and turned the car around, and then picked them up and drove with them to the store of a Mr. Hoover, in Wheeling; that McKinley there asked another codefendant to go inside, as he was afraid Mr. Hoover might know him, and, while the other two went into the store, appellant, accompanied by McKinley, drove the car about a square down the road and stopped it; that one of the two who went into the store put a gun against Mr. Hoover's side and said, "Hands up", while the other took $80 that belonged to Mr. Hoover out of the till and took Mr. Hoover's pocket-book and watch; that this occurred at seven o'clock in the evening; that while the store was being robbed, two men walked past where the car was standing and appellant drove it about half a mile farther west and stopped; that the two men who entered the store hurried down the road and got into the car after they came out, and appellant drove it to Fairmount; that they drove into Fairmount from the east before eight o'clock, and went into a pool-room there, and the one who had taken the money while his companion held the gun gave each of them part of it; that appellant received and counted and put into his pocket part of such money, including a ten dollar bill, some dollar bills and some silver money; that the four of them then rode in the car to Marion, twelve miles north of Fairmount, and appellant drove the car up there and back; that at Marion they obtained a quart of white mule whisky, and drank it on the way back to Marion; that appellant drove the car with one hand when he took a drink; that he kept the car in the road pretty well, and stopped and started the car all right, and was

by himself when he turned it around; that they returned from Marion before ten o'clock, and, at about ten that evening, he and his three codefendants were in a pool-room when one of them was heard to say "Let's go, they are watching us", and they went out; that after they returned from Marion, appellant took one of his codefendants home in the car, and afterward was at a garage alone; that he reached his mother's home after she had retired, either late Monday night or early the next morning. The man who used the gun was recognized by the storekeeper and the town marshal of Fairmount, who knew all of the men, saw him and the other two in the car which appellant was driving as they came into Fairmount from the east before eight o'clock, and the car they were riding in answered the description of the one that was stopped near the store while the robbery was being committed; and a number of witnesses testified that the general reputation of appellant for morality, honesty and integrity was bad. This evidence, together with the inferences which might be drawn therefrom, was sufficient to sustain the verdict of guilty. There may be a conviction for larceny on a charge of robbery. *Duffy* v. *State* (1900), 154 Ind. 250, 252, 56 N. E. 209; §2148 Burns 1914, Acts 1905 p. 584, §272.

The evidence that before they started out one of the men had proposed that they go and get some easy money, that appellant turned the car around unaided while his companions cut the wires, that while all were in the car together, one of them suggested that he did not want to go into the store because Mr. Hoover might know him, that while they were in the pool-room at Fairmount, the stolen money was divided, and that appellant counted what he received and put it into his pocket, was given by the man who pointed the gun at Mr. Hoover at the time of the rob-

bery, who had been indicted jointly with appellant, and who had been tried separately and convicted before he so testified, and was then awaiting sentence.    But a defendant might be convicted of larceny on the uncorroborated testimony of an accomplice, if the jury believed him and he testified to facts proving the defendant's guilt beyond a reasonable doubt.    §2111 Burns 1914, Acts 1905 p. 584, §235; *Ulmer* v. *State,* (1859), 14 Ind. 52, 57; *Nevill* v. *State* (1878), 60 Ind. 308, 309; *Schuster* v. *State* (1912), 178 Ind. 320, 322, 99 N. E. 422; Ewbank, Indiana Criminal Law §405.    And in this case, the accomplice was corroborated on many material points, and appellant seems to have relied on proof by way of defense that he was intoxicated to the degree that he was unable to entertain a felonious intent.    The weight of the evidence on that subject was for the jury.

The judgment is affirmed.