## FREIJE *v.* STATE OF INDIANA.

[No. 24,521.    Filed December 17, 1924.    Rehearing denied March 31, 1925.]

1.    INTOXICATING LIQUOR.—*Evidence held sufficient to show manufacture.*—Evidence that in a house occupied by appellant's codefendants a still was found complete, with mash, barrels, jugs and bottles smelling of white mule whisky; that a codefendant said in the presence of appellant that he (the codefendant) operated a still for appellant and another and received one dollar per gallon which was paid by appellant and another and had made 110 gallons; that in response to such statement appellant said he did not remember and did not know; and witness testified further that appellant had given him $35 and had been around there every week; and that the money was paid this codefendant to live up there and shield them, is sufficient to warrant a finding that appellant was guilty of manufacturing liquor.    p. 68.

2.    CRIMINAL LAW.—*The Supreme Court will consider only the evidence supporting the conviction.*—In passing on the motion for a new trial on the ground of the insufficiency of the evidence, the Supreme Court will look only to the evidence which tends to prove appellant guilty of the offense for which he was found guilty.    p. 68.

From Marion Criminal Court (54,598) ; *James A. Collins,* Judge.

Charles Freije was convicted of manufacturing intoxicating liquor, and he appeals.    *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes* and *Garth B. Melson,* for appellant.

*U. S. Lesh,* Attorney-General, and *Edward M. White,* Assistant Attorney-General, for the State.

EWBANK, J.—The first count of the indictment charged that appellant and two others, at a time and place named, did unlawfully manufacture and transport intoxicating liquor. The second count charged that at the same time and place the said defendants did feloniously have in their possession and under their control a certain still and distilling apparatus for the manufacture of intoxicating liquor in violation of law. The court found all of the defendants guilty as charged in the first count and not guilty as charged in the second count, and entered a judgment that appellant be fined in the sum of $200 and costs, and imprisoned for sixty days. Appellant filed his separate motion for a new trial, averring that the finding is not sustained by sufficient evidence and is contrary to law, and overruling this motion is the only error assigned.

Witnesses testified that certain police officers, with a search warrant, went to the house in which appellant's codefendants were living, and in the attic "found a 50 gallon still, complete, 300 gallons of mash, 5 empty barrels and many jugs and bottles with the smell of white mule whisky"; that one of his codefendants who lived there said in the presence of appellant that he (said codefendant) operated a whisky still for appellant, and for the second codefendant and another, and received pay of $1 per gallon which was paid by appellant and said other codefendant, and had made about 110 gallons of white mule whisky; that in response to such statement appellant said he did not remember and did not know; this party also testified at the trial that his said statement was true, and that appellant gave him $35 which appellant admitted having done (though saying he did it innocently at the request of another), and said codefendant further testified that appellant had been around there every week; that he, the witness, was paid $1 a gallon by A. Kain and appellant for the whisky

he made up there, and that he made 110 gallons; that the money was paid him to live up there "and shield them."

This evidence is sufficient to support the inference that appellant was guilty of manufacturing intoxicating liquor, in that he procured another to manufacture it, and paid him for doing so. The fact that a still was found in the building, but that the court found defendants not guilty of possessing it, can have no effect to establish the alleged insufficiency of the evidence above set out to sustain the finding that he was guilty of manufacturing. He could hire another man to manufacture whisky and thus become criminally liable for manufacturing it without himself having possession of a still. And the court might erroneously find a party not guilty as charged in a count of an indictment, even when he was guilty. In passing on the motion for a new trial for the reasons assigned in this case we can only look to that part of the evidence which tends to prove appellant guilty of the offense for which he was found guilty, and if it is sufficient, the order overruling the motion for a new trial must be approved.

The judgment is affirmed.