## ELLIS v. STATE OF INDIANA.

[No. 25,027. Filed December 23, 1926.]

1. INTOXICATING LIQUORS.—*Instruction in prosecution for manufacturing liquor held not erroneous.*—In a prosecution for the manufacture of intoxicating liquor in violation of Acts 1923 p. 70, an instruction was not erroneous as authorizing conviction without proof that the concoction made by the defendant was reasonably likely to be used as a beverage. p. 680.

2. INTOXICATING LIQUORS.—*Instruction in prosecution for manufacturing intoxicating liquor held not ambiguous or misleading.*—In a prosecution for manufacturing intoxicating liquor, an instruction that it was not necessary to a conviction that the process of manufacture should be complete, provided the defendant produced an intoxicating liquor, was not ambiguous or misleading. p. 681.

3. CRIMINAL LAW.—In determining, on appeal, whether jury's verdict was sustained by sufficient evidence, only evidence in support of the verdict can be considered. p. 681.

4. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain a charge of manufacturing intoxicating liquor in violation of §1, Acts 1923 p. 70. p. 681.

5. INTOXICATING LIQUORS.—*"Manufacture" of intoxicating liquor defined.*—The "manufacture" of intoxicating liquor *held* to include not only the production of such liquor, but the active efforts and the means employed to make the liquor. p. 682.

6. INTOXICATING LIQUORS.—*Manufacture of "intoxicating liquor" within the meaning of the statute.*—One who, by combining corn, oatmeal, yeast and sugar, produced a liquor that contained more than one-half of one per cent. of alcohol by volume and was reasonably likely or intended to be used as a beverage was guilty of manufacturing intoxicating liquor in violation of §1, Acts 1923 p. 70. p. 682.

From Henry Circuit Court; *J. R. Hinshaw*, Judge.

Ben Ellis was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Paul Brown*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant was charged by affidavit, with unlawfully manufacturing intoxicating liquor, on January 31, 1925, in Henry county, in violation of §1, Acts 1923 p. 70. He was tried by a jury and found guilty. Judgment of fine and imprisonment was rendered on the verdict. The only assignment of error presented on appeal is that the court erred in overruling his motion for a new trial.

Appellant claims in support of the motion for a new trial that the court erred in giving to the jury on its own motion each of two instructions. Instruction

1. No. 11 is as follows: "If the defendant in this case did manufacture a liquor which was neither spirituous, vinous nor malt, but which did contain more than one-half of one per cent. of alcohol when taken from him, if so taken, before you should convict you should also find beyond a reasonable doubt that the liquor when so taken, if so taken, did at that time contain more than one-half of one per cent. of alcohol by volume and was in such a condition as was reasonable likely or intended to be used as a beverage as defined by the statute above quoted, and it is a question of fact for the jury to determine whether or not the mixture in question did contain more than one-half of one per cent. of alcohol and was reasonably likely or intended to be used as a beverage." He claims that this instruction was erroneous as it authorized the conviction of appellant regardless of proof that the substance in question was reasonably likely to be used as a beverage. A care-

ful consideration of the instruction shows that it is not open to the objection claimed.

Instruction No. 17, to which exception was taken, reads thus: "The word 'manufacture' means to make and to sustain the charge of manufacturing intoxicating liquor it is not necessary that the process of manufacture should be complete. It is sufficient if the one employed in the process is active in accomplishing the end in view, one actively engaged in an effort to produce the finished product falls within the statute, making it unlawful to manufacture intoxicating liquor, providing he produces intoxicating liquor, as defined by the statute above quoted." This instruction is not ambiguous, confusing or misleading, as insisted by appellant.

Contending that the verdict of the jury was contrary to law, because not sustained by any evidence, appellant says that the state has not shown that he was manufacturing intoxicating liquor. Only the evidence in support of the verdict of the jury can be considered. *Freije* v. *State* (1924), 196 Ind. 66, 145 N. E. 767; *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430.

The evidence which tends to uphold the verdict is as follows: The sheriff of Henry county and three other officers went to appellant's home in Wayne township, Henry county, on January 31, 1925, at night, with a search warrant. About seventy-five feet from the residence, in an outhouse or outside toilet, under the floor under some sacks, they found a lighted lantern hanging and two twenty-gallon kegs that were down below the floor half-full of some kind of mash. One keg was emptied by the officers and the other with its contents was taken to New Castle, where it was placed in a garage at the jail. Two days later, a federal prohibition officer took a glass jar full of the contents,

treated it with bichloride of mercury, and three days later delivered it to a federal chemist at Indianapolis. The effect of the bichloride of mercury was to break all the tissues and retard fermentation. It was delivered to the chemist in the federal prohibition department in the same condition as far as per cent. of alcohol was concerned, as when he took it from the sheriff's custody. What he took was a liquid made from corn, oat-meal, yeast and sugar. It could have been drunk. The federal prohibition officer, who was a chemist, tested same for alcohol per volume, using the government instruments. He found that it contained ten per cent. of alcohol. Such a mixture as described, on the second day, will usually run about three per cent. of alcohol and on the seventh or eighth day about fifteen to twenty per cent.

The word "manufacture" means not only to produce or create but covers as well the active efforts and the means employed to make the liquor. *McFadden,*

5. *Prohibition* 281, §243; *Blakemore, Prohibition* 139, §14; *People* v. *Nanninga* (1921), 213 Mich. 354, 181 N. W. 1014. It has been held that to constitute the offense of manufacturing liquor, it is not necessary that the product of the manufacturer should be complete. *State* v. *Ravan* (1912), 91 S. C. 265, 74 S. E. 500. And one is guilty of making intoxicating liquor when it is made through fermentation as well as when made by distillation. *Adams* v. *State* (1921), 27 Ga. App. 48, 107 S. E. 388; *Davidson* v. *State* (1921), 27 Ga. App. 195, 107 S. E. 892.

If the mixture or liquid taken from appellant's premises by the sheriff was concocted by the appellant and if same was reasonably likely or intended to be

6. used as a beverage and contained so much as onehalf of one per cent. of alcohol by volume when so taken, then he was guilty of manufacturing intoxicating liquor. This court will not weigh the evidence.

It is sufficient to say that there was some evidence and inferences therefrom to sustain each of the essential elements of the crime charged. The verdict of the jury was not contrary to law and the appellant was not entitled to a new trial.

The judgment is affirmed.