## LOWERY v. STATE OF INDIANA.

[No. 25,255. Filed April 22, 1927.]

1. CRIMINAL LAW.—*Evidence considered on appeal by defendant.*—In determining the sufficiency of the evidence to sustain a conviction, the Supreme Court will consider only the evidence which tends to prove the defendant guilty. p. 180.

2. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction of transporting intoxicating liquor. p. 180.

3. CRIMINAL LAW.—*Sufficiency of affidavit cannot be questioned for first time on appeal.*—The sufficiency of an affidavit or indictment cannot be questioned for the first time on appeal, but the question must be presented to the trial court by a motion to quash or in arrest of judgment. p. 181.

From Monroe Circuit Court; *Herbert A. Rundell*, Judge.

William Lowery was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Affirmed.*

*Miers & Corr*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Dale F. Stansbury*, for the State.

GEMMILL, C. J.—Appellant was found guilty of transporting intoxicating liquor, in violation of §4, ch. 48, acts of 1925 (Acts 1925 p. 145), §2717 Burns 1926; said offense being a misdemeanor. He has appealed to this court from judgment of fine of $100 and imprisonment for sixty days.

He has assigned as error that the court erred in overruling his motion for a new trial, claiming that the finding of the court is not sustained by sufficient evidence and is contrary to law.

In passing on the motion for a new trial on the ground of the insufficiency of the evidence, the Supreme Court will look only to the evidence which tends to prove appellant guilty of the offense for which he was convicted. *Freije* v. *State* (1924), 196 Ind. 66, 145 N. E. 767; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151; *Straw* v. *State* (1925), 197 Ind. 606, 149

N. E. 430; *Tisdale* v. *State* (1927), *ante* 1, 154 N. E. 801; Ewbank's Manual of Practice (2d ed.) §46. The evidence supporting the finding of the court shows the following facts: On June 30, 1926, in the city of Bloomington, one James Alexander was seen to give appellant some money, after which they separated; about two hours later, Alexander and the appellant appeared near Alexander's home in an automobile which appellant was driving; Alexander got out of the automobile and appellant reached into the back of the car, got a package and slipped it under Alexander's left arm under his overcoat; a constable grabbed Alexander and secured the package, which was wrapped in paper, as the appellant drove away rapidly; the package contained a half-gallon fruit jar full of "white mule," which was intoxicating liquor. A daughter of Alexander testified that appellant visited her father every time her father had a dollar, and that when he would come there, her father would be sober, and that when appellant would leave, her father would not be sober, that appellant had taken intoxicating liquor to her father many times; and she had asked appellant to stay away from him. The trial court could infer from the evidence that when appellant helped Alexander to conceal the package under his coat, he knew it contained intoxicating liquor, and knew what it was when he was transporting it. The evidence was sufficient to sustain the finding of the court.

Appellant says that the second count of the affidavit fails to state any offense, and a decision based thereon is contrary to law. It is not shown that any 3. motion to quash the affidavit or motion in arrest of judgment was filed. The sufficiency of the count of the affidavit upon which defendant was convicted cannot be questioned for the first time on appeal. *King* v. *State* (1921), 191 Ind. 306, 132 N. E. 628; *McDaniel* v. *State* (1926), 197 Ind. 179, 150 N. E. 50.

The evidence sustains the charge in the second count of the affidavit. The finding of the court was not contrary to law for any of the reasons stated by appellant.

The judgment is affirmed.