## ABEL *v.* STATE OF INDIANA.

[No. 25,369.   Filed October 4, 1928.]

Q. Austin East and Miers & Corr, for appellant.

Arthur L. Gilliom, Attorney-General, and Edward J. Lennon, Jr., Deputy Attorney-General, for the State.

GEMMILL, J.—In the circuit court, the appellant was found guilty of the criminal offenses of unlawfully possessing and unlawfully manufacturing intoxicating liquor. §4, ch. 48, Acts 1925, §2717 Burns 1926. On appeal, he has assigned as error that the court erred in overruling his motion for a new trial.

It is contended by appellant that the evidence of four witnesses for the state was procured by searching his premises by virtue of an invalid search warrant, and that their evidence was not competent. The affidavit for the search warrant was executed by a deputy sheriff, to whom the search warrant was issued. The sheriff testified that he had possession of the search warrant, and the court correctly permitted him to identify same. The description in the affidavit was as follows: "The dwelling house and all out buildings situate on part of E. ½ of N. W. ¼ of Sec. 36, Tp. 9, Range 1 West containing 57 acres and owned by William B. Neal in Bloomington Township of said County and State." Reference had been made therein to Monroe County and the State of Indiana. Appellant says that the evidence shows that William B. Neal owned two farms two or three miles apart and the evidence did not show which one was searched. From the evidence, it appears that the appellant resided on a farm, containing fifty-seven acres, owned by his father-in-law, William B. Neal; that the officers first went to the residence of appellant and did not find him at home; that they found him at the residence of his father-in-law and informed

him that they had a search warrant for his place; and the appellant and his wife then went with the officers to his residence. It is not claimed that the description did not cover the real estate of which he had possession. The objections to the validity of the search warrant and the evidence were not well taken.

The officers found in a milk-house about thirty yards from appellant's residence a barrel containing about thirty-five gallons of a mixture of which a sample was taken and analyzed. The chemist who made the analysis testified that the product contained fifteen and eighty-six hundredths per cent. alcohol by volume and twelve and eighty-four hundredths per cent. alcohol by weight. It was appellant's defense that he was attempting to make vinegar and that the product was apple pomace. "Pomace" is defined as the substance of apple or of similar fruit crushed by grinding. It was provided in §5, ch. 48, Acts 1925, §2718 Burns 1926, being part of an act concerning intoxicating liquors and the act under which appellant was prosecuted, that no provision of the act should be construed to prohibit the manufacture of vinegar for use and sale. And §2 of that act provided that the words "liquor" and "intoxicating liquor" whenever used in the act should be construed to mean all malt, vinous or spiritous liquors, containing as much as one-half of one per cent. of alcohol by volume, and every other drink, mixture or preparation of like alcoholic content, whether patented or not, reasonably likely or intended to be used as a beverage. The sheriff testified: "This is a sample of the the liquor, I took it to the laboratory of Mr. May. I got it out of the jug that was brought in." Another witness said: "The stuff found in the barrel was some kind of juice, apple 'pummy.'" In appellant's residence, a bottle was found by the officers, which contained a small quantity of a liquid which the sheriff testified was

intoxicating liquor. There was a strong smell of intoxicating liquor in the house, and a wet place on the ground outside of a window had a strong odor of liquor.

The word "manufacture" means not only to produce or create, but covers as well the active efforts and the means employed to make the liquor. *People* v. *Nanninga* (1921), 213 Mich. 354, 181 N. W. 1014. It has been held that to constitute the offense of manufacturing liquor, it is not necessary that the product of the manufacturer should be complete. *State* v. *Ravan* (1911), 91 S. C. 265, 74 S. E. 500; *Ellis* v. *State* (1926), 198 Ind. 679, 682, 154 N. E. 489.

It is evident that the jury did not believe the testimony of appellant and his witnesses that he was attempting to make vinegar. He had a right, provided by the act under which he was prosecuted, to manufacture vinegar for use and sale. There was evidence that the liquid taken from appellant's premises by the sheriff was concocted by him and that it contained more than fifteen per cent. of alcohol by volume. Also, there was evidence that on appellant's premises the officers found a boiler and coil, which, when put together, constituted a still. Six clamps were also found. He was not found guilty of possession of a still and testified he had never used it. But the boiler, coil and clamps had on them a substance like fresh dough or paste. And the wife of appellant attempted to hide the coil under her coat. One witness testified that there was something else in addition to ground apples in the barrel from which the sample was taken. From the evidence, the jury could infer that the product so found and analyzed was reasonably likely or intended to be used as a beverage. The evidence was sufficient to warrant the jury in finding that he was guilty of both possessing and manufacturing intoxicating liquor. On appeal, the evidence cannot be weighed.

The court did not err in overruling the motion for a new trial for any of the causes therein stated. The judgment is affirmed.

Willoughby, J., concurs in conclusion.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.