## REYNOLDS v. STATE OF INDIANA.

[No. 13,769.   Filed July 31, 1929.   Rehearing denied October 3, 1929.]

*Henry H. Winkler* and *Harry E. Raitano*, for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

NICHOLS, J.—This action was originally filed in the municipal court of Marion county, where appellant entered a plea of guilty, and was fined $100 and sentenced to 60 days on the Indiana State Farm. He then appealed to the Marion Criminal Court, where he was tried by the court and found guilty on the second count of the affidavit, which charged him with unlawfully manufacturing, transporting and shipping intoxicating liquor, and, by the judgment of the court, he was fined $200 and sentenced to imprisonment on the Indiana State Farm for 90 days. From this judgment, he appealed, assigning as error the action of the court in overruling his motion for a new trial, under which he presents that the finding of the court is not sustained by sufficient evidence, and that it is contrary to law.

It appears by the evidence that police officers found appellant sitting in the front seat of his automobile, which was standing between certain barns at the fair grounds. There were 40 pints or half pints of liquor in the back seat. Before he was arrested, he told the officers that he had got the liquor that morning in Osgood. There was a woman in the automobile with him, but he did not produce her in court as a witness. There was no evidence except that which was given by the State. From this evidence, the court evidently inferred that appellant drove the automobile from Osgood into the fair grounds with the liquor in it—a reasonable inference, no less so than in the following cases which were affirmed by the Supreme Court: *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151, 148 N. E. 197; *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50; *Payne* v. *State* (1924), 194 Ind. 365, 142 N. E. 651; *Lowery* v. *State* (1927), 199 Ind. 180, 156 N. E. 161.

Cases cited by appellant are not in point. There is here no inference from an inference, as in the cases cited by appellant.

Judgment affirmed.