WALKER *v.* STATE OF INDIANA.

[No. 25,936.  Filed March 6, 1934.]

*Frank Williams* and *W. S. Henry,* for appellant.

*James M. Ogden,* Attorney-General and *Merl M. Wall,* Deputy Attorney-General, for the State.

HUGHES, J.—This is a criminal action by the State of Indiana. against the appellant by indictment in three counts, charging kidnapping, rape, and automobile banditry. He entered a plea of not guilty to each count and was tried by the court and found guilty upon each count. On the first count he was fined in the sum of one thousand dollars ($1,000.00) and sentenced to the Indiana State Prison for a period of not less than two nor more than fourteen years; on the second count he was sentenced for a term of not less than five, nor more than twenty-one years, and on the third count he was sentenced for fifteen years.

The only proper assignment of error is that the court erred in overruling the defendant's motion for a new trial. The causes for a new trial are: (1) that the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law; (3) that the court erred in overruling defendant's motion that he be discharged and go acquitted at the conclusion of the state's evidence; and (4) that the defendant was taken by surprise at the evidence given by Edward Davis.

The prosecuting witness, Mary Conrad, testified that on the night of January 10th, 1930, as she was returning to her home from the Indiana Telephone Company's office where she was employed, an automobile drew up to the sidewalk at her side and a colored man jumped out of the automobile, grabbed her and threw her in the automobile. Another colored man was at the wheel and

he drove away, the distance and place she did not know. A scarf was tied over her eyes so that she could not see. Both of the men had sexual intercourse with her by force and against her will. She could not identify either man—other than they were colored and one had a mustache and the other was clean shaven.

There was some evidence given tending to show that the appellant and Davis on the night in question stole the automobile in which they were riding. The evidence on this question was slight, but, for the purpose of this case, it makes no difference whether the automobile was stolen or not, for the fact remains that they had an automobile to assist in accomplishing their design and purpose.

One of the reasons assigned as a motion for a new trial is that the defendant was taken by surprise at the evidence given by Davis, who was indicted with Walker. Davis, a few days prior to the trial of the appellant, was tried and found guilty of raping and kidnapping the said Mary Conrad on the night of January 10, 1930, while with the appellant. Davis was called as a witness on behalf of the state at the trial of appellant and he testified that on the night in question he met the appellant at a certain restaurant in the city; that they went riding and that Walker said: "he was going out and play with some women"; that they drove east and stopped their car; that a woman got off of the street car and that he, Davis, grabbed her and put her in the car; that Walker was at the wheel and drove three or four miles; that he, Davis, was in the back seat with the woman and had intercourse with her while the car was moving; that Walker stopped the car and he, Davis, got out, and Walker then got in the car and had intercourse with the woman.

It appears from the record that prior to the time Walker was arrested Davis had been arrested and had

made confession, which was reduced to writing, to Detective Sergeant William Miller in which he admitted that he and Walker committed the crime as charged. On the trial of Davis, howeved, he denied his confession and said that neither he nor Walker committed the offense and that he was forced to sign the confession.

The record further shows that after Walker was arrested and taken to the police station Mrs. Conrad was called and Davis was then brought in to the presence of Walker, Mrs. Conrad, and several other persons. The statement which had been made by Davis was read in the presence of all, including Walker, and he, Davis, said it was the truth and that he and Walker attacked Mrs. Conrad as narrated by her.

The evidence of Davis further shows that Walker, while both were in jail, asked Davis not to testify against him and to say that he did not know him and to deny the statement he had made.

In view of all the foregoing facts we do not think that the appellant is entitled to any consideration on the ground of surprise as provided for in §2325, subd. 6, Burns 1926, §9-1903, Burns 1933, §2310, Baldwin's 1934.

The evidence was material and competent and one cannot claim he was surprised when such evidence is introduced to establish a material fact. *Gardner* v. *State* (1883), 94 Ind. 489.

It is within the sound discretion of the court to grant a new trial on the grounds of accident and surprise and we cannot say the court in the instant case abused its discretion. *Todd* v. *State* (1865), 25 Ind. 212; *Anderson v. State* (1928), 200 Ind. 143, 161 N. E. 625.

The conviction of the appellant rests largely upon the evidence of Davis who admitted his part in the crime. The judge of the lower court had all the parties before him and heard their testimony. He was the

judge of the credibility of the witnesses. Upon the evidence presented the court weighed the same and found the defendant guilty as charged.

This court will not pass upon and determine the credibility of the witnesses or conflicting evidence, nor disturb the judgment of the trial court in such matters. *Wiggins* v. *State* (1923), 194 Ind. 118, 141 N. E. 56; *Straw* v. *State* (1925), 197 Ind. 606, 151 N. E. 695.

And on appeal it is not necessary that the evidence should show the defendant's guilt beyond a reasonable doubt in order for it to be sufficient to sustain the judgment. All that is necessary is that there shall be some evidence sustaining every material allegation in at least one count of the affidavit or indictment. In determining whether a verdict is sustained by sufficient evidence this court will not weigh conflicting evidence, but will consider only that tending to support the judgment, and the judgment will not be reversed for insufficiency of evidence unless there is a total lack of evidence to support some essential element of the offense. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681.

The appellant complains that his conviction rested upon the evidence of Edward Davis. The evidence shows that he was an accomplice but this fact did not make him an incompetent witness. §2267, subd. 3, Burns 1926, §9-1603, Burns 1933, §2259, Baldwin's 1934, provides accomplices, when they consent to testify, are competent witnesses. And a defendant may be convicted on the uncorroborated testimony of an accomplice, if such testimony convinces the court or jury beyond a reasonable doubt of the guilt of the defendant. *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460; *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422.

In our judgment the appellant has presented no reversible error in this case and the judgment is therefore affirmed.

Judgment affirmed.