DANNY NEWMAN *v.* STATE OF INDIANA.

[No. 974S199. Filed October 3, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The Appellant's conviction for kidnapping and rape was affirmed by this court in *Newman* v. *State,* (1970) 254 Ind. 578, 261 N.E.2d 364. The Appellant filed a Petition for Post-Conviction Relief on July 1, 1971. On February 22, 1974, following a hearing for post-conviction relief, the trial court entered its Findings of Fact and Conclusions of Law which, omitting formalities, are as follows:

## "FINDINGS OF FACT

"1. Petitioner was convicted of the offenses of kidnapping and rape on pleas of not guilty, after a jury trial on January 31, 1969.

"2. Petitioner was sentenced to life imprisonment on the conviction of kidnapping and was sentenced to an indeterminate term of not less than two (2) nor more than twenty-one (21) years imprisonment on the conviction of rape, on February 14, 1969, both sentences to run concurrently.

"3. Petitioner duly appealed his convictions and the judgment was affirmed by the Supreme Court of Indiana on December 23, 1970.

"4. Petitioner initiated proceedings for Post Conviction Relief on July 1, 1971.

"5. During the original trial of petitioner, one Robert Frye was a material witness called to testify against the petitioner by the State of Indiana. Said Robert Frye gave testimony at said trial that implicated petitioner herein in the crimes with which he was charged. Prior to the testimony of Robert Frye, David Juster, then a duly qualified and acting Deputy Prosecuting Attorney for the 19th Judicial Circuit of Indiana, assigned to the prosecution of petitioner herein, met with one Henry J. Richardson, the attorney for witness Robert Frye. Said meeting took place prior to the occasion of the testimony of Robert Frye in the trial of petitioner herein. At that meeting an understanding was reached between Mr. Jester and Mr. Richardson to the effect that if Frye cooperated in the prosecution of Newman and two others, that Frye would be permitted to plead guilty to a charge of rape and that a charge of kidnapping then pending against him would be dismissed. The Court finds that the testimony of Henry Richardson to the effect that no such understanding was reached is not credible. The Court further finds that there is no evidence to indicate that this understanding was communicated to Frye, but that there is no credible evidence to indicate that the understanding was not communicated to Frye. Court finds that at the time Frye testified in the trial of petitioner, an understanding existed between the office of Marion County Prosecutor on the one hand and Frye's attorney, Henry Richardson, on the other hand. The Court finds that this understanding was not actually known to the Deputy Prosecuting Attorneys who prosecuted the petitioner herein and that their failure to disclose said understanding to the Court, to the jury, and to defense counsel was not a consequence of bad faith, but was a consequence of negligence in the administration of the duties of the office of Prosecutor for the 19th Judicial Circuit of Marion County, Indiana. Court further finds that the evidence thus concealed at the

trial of petitioner went to the issue of the credibility of witness Frye.

"6. The Court further finds that the material evidence given by the witness Robert Frye at the trial of petitioner herein was also given by the witness Donna Barton, a witness called by the State of Indiana during the trial of petitioner herein.

"7. The Court further finds that even if the unlawfully concealed evidence with respect to the promise of leniency to the witness Frye had been disclosed to the jury during the trial of the petitioner herein, that there is no reasonable likelihood that it would have affected the verdict of said jury or the outcome of said trial.

"8. The Court further finds that petitioner was adequately and competently represented by trial counsel at all stages of the proceedings against him in the trial court.

"9. The Court further finds that all other issues raised in petitioner's petition have been fully adjudicated in the trial and on the appeal of petitioner's conviction and are not proper subjects of adjudication in this proceeding.

### "CONCLUSIONS OF LAW

"1. During the trial of petitioner herein, the State of Indiana unlawfully concealed evidence with respect to the credibility of a material witness against the petitioner.

"2. The aforesaid unlawful behavior of the State of Indiana was harmless to the petitioner in that the testimony unlawfully concealed would not in any reasonable likelihood have affected the verdict of the jury or the outcome of the trial.

"3. Petitioner's sentences were not unlawful or improper.

"4. Petitioner was not denied effective representation of counsel during the proceedings against him in the trial court.

"5. The law is with the State of Indiana and against the petitioner.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the petitioner's petition for Post Conviction Relief be and hereby is denied."

Appellant's appeal here thus involves one issue: whether or not the prosecution's nondisclosure of evidence regarding an agreement of leniency made with a prosecution witness,

an alleged accomplice of the Appellant, deprived Appellant of due process of law and constituted reversible error.

At common law a convict was incompetent as a witness. 30 I.L.E. *Witnesses* § 25 (1960). However, under our Code, it was felt that justice required that such material witnesses should be competent, and that convictions and all other matters affecting credibility could be shown for the consideration of the jury. Ordinarily testimony of such witnesses may be considered by the jury along with any evidence that a witness may have been threatened, bribed or influenced to secure his testimony.

An accomplice who turns "state's evidence" and agrees to "cooperate" with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of effective law enforcement. It does not necessarily follow that because of inducements offered to the accomplice his testimony is false. It is, however, highly suspect. Because of the pressure of such undue influence upon the witness in such cases the jury should have the evidence relating thereto. Such type of influence naturally impairs the credibility of such a witness.

In this state a defendant may be found guilty solely on the evidence of a confessed accomplice. *Walker* v. *State,* (1934) 206 Ind. 232, 189 N.E. 127; *Payne* v. *State,* (1924) 194 Ind. 365, 142 N.E. 651. Because human nature would tend to cause accomplices to "unload" against their partners and desire to clear themselves as much as possible of blame for a crime, such testimony should be highly scrutinized by the jury or fact finder. Such fact finding body should have before it all the relevant circumstances that caused or induced such witness to testify, including the rewards for such testimony.

In *Adler* v. *State,* (1967) 248 Ind. 193, 225 N.E.2d 171, we reviewed a similar question as here and found in that case that all pertinent testimony was laid before the jury

with reference to immunity granted and any threats and abuse in connection therewith. Accordingly, we held such testimony was proper and no reversible error appeared in that regard. In the case before us it appears that the omission as to the immunity granted was inadvertent. Nevertheless, such inadvertence does not change the effect the omitted evidence may have had upon the jury's consideration in the conviction of the appellant.

"[W]hen the prosecution relies upon the testimony of a co-conspirator to obtain conviction of the accused, the co-conspirator's credibility is an important issue in the case, and evidence of any understanding or agreement as to future prosecution of the co-conspirator must be disclosed to the jury." *Birkla* v. *State,* (1975) 263 Ind. 37, 323 N.E.2d 645 at 648.

In *Giglio* v. *United States,* (1972) 405 U.S. 150, 31 L.Ed. 2d 104, 92 S.Ct. 763, the following comment on a like question was made:

"* * * In *Napue* v. *Illinois,* 360 U.S. 264 (1959), we said, '[t]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.' *Id.,* at 269. Thereafter *Brady* v. *Maryland,* 373 U.S., at 87, held that suppression of material evidence justifies a new trial 'irrespective of the good faith or bad faith of the prosecution.' See American Bar Association, Project on Standards for Criminal Justice, Prosecution Function and the Defense Function § 3.11(a). When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affective credibility falls within this general rule. *Napue, supra,* at 269. We do not, however, automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict. . . .' *United States* v. *Keogh,* 391 F.2d 138, 148 (CA2 1968). A finding of materiality of the evidence is required under *Brady, supra,* at 87. A new trial is required if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury. . . .' *Napue, supra,* at 271." 405 U.S. 150, 153-154, 31 L.Ed.2d 104, 108, 92 S.Ct. 763, 766.

The Findings of Fact entered after the Appellant's post-conviction hearing concluded that the evidence undisclosed to the jury in this case was material. With this conclusion we agree. *Acker* v. *State*, (1959) 239 Ind. 466, 158 N.E.2d 790. The court below also concluded, however, that there is no reasonable likelihood that the evidence would have affected the verdict of the jury or the outcome of the trial. With this we can not agree. The testimony of another witness, the victim of the crimes charged, gave substantially the same evidence as the testimony of the accomplice in question here. But the testimony of each witness clearly was intended to reinforce the testimony of the other. The credibility of one witness would have an effect on the strength of the testimony offered by the other.

While agreements of leniency have been long accepted, this court cannot condone the non-disclosure of such an agreement from a jury. The judgment of the trial court is reversed and a new trial ordered.

All Justices concur.

NOTE.—Reported at 334 N.E.2d 684.