**Michael R. TURCZI, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1078S234.

Supreme Court of Indiana.

July 30, 1979.

Nile Stanton, Indianapolis, for appellant (defendant below).

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. His conviction for first-degree murder was affirmed by this Court on direct appeal, *Turczi v. State*, (1973) 261 Ind. 273, 301 N.E.2d 752. He now raises two issues concerning an alleged agreement between the state and a material witness:

1. Whether the court erred in failing to find that there was an agreement between the state and a material witness whereby the witness agreed to testify in exchange for his freedom; and

2. Whether the trial court erred in failing to find that petitioner had been denied due process of law in that the jury was never advised that the charges against the material witness had been *nol prossed*.

In January, 1971, a charge of murder was filed against the petitioner and two other men, Sunny Hudkins, and George Bobis. Subsequently in February, 1971, the Lake County Grand Jury filed indictments against petitioner and Hudkins but returned no indictment as to Bobis. The prosecutor's office then issued a *nolle prosequi* against all three men on the original charges. The grand jury indictments were filed against the petitioner and Hudkins, and Bobis was released. He later testified before the grand jury and was a material witness at the trials of both petitioner and Hudkins. Petitioner was convicted of first-degree murder, but Hudkins was acquitted.

### I.

Petitioner first contends that even though all the participants denied the existence of an agreement, the totality of the circumstances lead to the inescapable conclusion that there was an agreement between the state and Bobis.

The petitioner testified at the post-conviction hearing that he had talked to Hudkins while they were both in jail and that Hudkins told him that Bobis had made a deal with the state and was going to testify against them. Another circumstance which the petitioner argues points to an agreement is the fact that Bobis was released on a *nolle prosequi* and was not afraid to sign a waiver of immunity when he testified before the grand jury. Bobis was represented by an attorney at this time.

However, there was also evidence presented at the hearing which tended to establish that no agreement was ever made. The chief deputy prosecuting attorney of Lake County and the deputy prosecutor in charge of defendant's case both submitted affidavits stating that the testimony of Bobis was not procured by any promise of leniency or any agreement whatsoever. An affidavit of the attorney who represented Bobis was presented which stated that the testimony of Bobis before the grand jury and at defendant's trial was not induced by any promise or agreement of leniency. George Bobis himself testified that he had no agreement or understanding with the state of any leniency or reward in exchange for his testimony.

 In post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of witnesses. This decision will be reversed only where the

evidence is without conflict and leads unerringly to a result not reached by the trial court. *Laird, supra; Cottingham v. State,* (1978) Ind., 379 N.E.2d 984. In the instant case, while defendant points to some circumstances supporting his allegation about the existence of an agreement, the affidavits of the prosecuting attorneys as well as the testimony of Bobis himself are substantial evidence of probative value which support the finding of the trial court that there was no agreement. We find no reversible error here.

## II.

The petitioner next argues that he was denied due process because the jury was never advised that the charges against Bobis had been *nol prossed.* He argues that this is the same as a non-disclosed agreement between the state and the witness and therefore should have been voluntarily disclosed by the prosecutor.

 Indiana has long recognized that there is a duty of voluntary disclosure on the part of the prosecutor whenever an actual "deal" has been made with a state's witness, such as promises, grants of immunity, and rewards offered in return for testimony. *Hoskins v. State,* (1978) Ind., 375 N.E.2d 191; *Newman v. State,* (1975) 263 Ind. 569, 334 N.E.2d 684. However, the evidence in the instant case does not show that the *nolle prosequi* was the result of an agreement.

Furthermore, the record shows that the jury was aware of enough circumstances surrounding Bobis's involvement in the instant crime to effectively judge his credibility.

At the trial petitioner's attorney asked several questions of Bobis concerning his release from the charges involved with the instant crime before he testified to the grand jury. The jury was aware that he had originally been arrested as an accomplice in the murder and then had been released. Although the exact procedure of issuing the *nolle prosequi* against Bobis was never mentioned, the questions asked of him clearly showed the jury his background of involvement with the crime and his release. The jury was able to use this information in weighing Bobis's credibility.

In a Massachusetts case, cited by petitioner, a conviction was set aside because the state failed to disclose to the defense that charges against a material witness had been *nol prossed* on the morning of the trial, and the witness had made a misstatement about believing he was going to trial. *Commonwealth v. Nelson,* (1975) 3 Mass.App. 90, 323 N.E.2d 752 *aff'd.* (1976) 370 Mass. 192, 346 N.E.2d 839. That case is inapposite since the jury in the instant case was well aware that the witness had originally been arrested as an accomplice but that the charges against him had been dropped soon after indictments against the other two men had been filed. This was sufficient evidence for the jury to use in weighing his credibility. We find no denial of due process here.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., not participating.