Xavier WEBB, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–579A142.

Court of Appeals of Indiana,
Third District.

May 1, 1980.

Calvin D. Hawkins, Shropshire & Allen, Gary, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

A jury found Xavier Webb guilty of robbery and he was sentenced accordingly. Both issues raised by Webb on appeal concern the in-trial change of plea and subsequent testimony of his co-defendant Willie Cox.

Webb, Cox and one John Dennie were jointly charged with and tried for robbery. During the presentation of the State's case Cox changed his plea from not guilty to guilty and took the stand pursuant to a plea agreement. Webb now argues that because the plea agreement was not fully disclosed to the jury, Cox's testimony was not proper evidence upon which to base a conviction. Webb relies upon *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684, which held that evidence of any agreement between the State and an accomplice upon whose testimony the State relies must be disclosed to the jury. 334 N.E.2d at 687.

An examination of the record discloses that, contrary to Webb's assertions, the jury was indeed aware of the terms of the agreement between Cox and the State. On cross-examination Cox testified that he had been induced to testify for the State by an offer of a reduced sentence upon his plea of guilty[1] and the dismissal of two unrelated murder charges. He further admitted that the truth of his testimony might be affected by the possibility that he would receive a lesser prison sentence in exchange for his cooperation. Under these circumstances the jury could weigh Cox's credibility with full knowledge of the factors tending to render his testimony suspect. Thus, this

disclosure satisfied the requirements of *Newman v. State, supra,* and Cox's testimony was properly considered by the jury in determining Webb's guilt.

Cox testified that he, Webb, John Dennie and Charles Cody robbed a gas station on October 21, 1974. Cox explained that Cody and Webb were armed with pistols during the robbery, that the car in which the four were riding was pursued from the scene by a police cruiser, and that gunfire was exchanged between the two vehicles during the chase. This testimony, even if it had been uncorroborated, was sufficient to support Webb's robbery conviction. *Newman v. State, supra.*

Another issue raised by Webb is whether the trial court properly refused, upon his motion, to grant a mistrial and to then grant him a separate trial. Webb argues that the jury's knowledge of Cox's mid-trial change of plea placed him in danger of being found guilty "by association."

In a number of cases courts have analyzed situations, similar to the one in the instant case, in which one of several jointly-tried defendants changed his plea from not guilty to guilty in the midst of trial. Among those cases are the following: *Winker v. State* (1977), Ind.App., 367 N.E.2d 26; *United States v. Fife* (6th Cir., 1976), 573 F.2d 369; *United States v. Kimbrew* (6th Cir., 1967), 380 F.2d 538; *Koolish v. United States* (8th Cir., 1965), 340 F.2d 513; *Slocum v. United States* (8th Cir., 1963), 325 F.2d 465. Each case addressed the issue of whether the remaining defendant(s) were prejudiced by the in-trial change of plea because of the danger that the jury might infer their guilt from the very fact of the plea of their co-defendant.

In three of these cases, *United States v. Fife, Koolish v. United States* and *Slocum v. United States*, the trial court gave cautionary instructions which admonished the jurors not to consider the change of plea as evidence of the remaining de-

---

1. Pursuant to the agreement, Cox entered a plea of guilty to the offense of commission of a felony (robbery) while armed and the prosecutor recommended a sentence of ten years.

fendants' guilt, but to consider only the evidence produced at trial in making a determination of guilt or innocence. No such instruction was requested or given in *Winker v. State* or in *United States v. Kimbrew.*[2] In every one of the five cases, however, the court on appeal determined that the circumstances at trial warranted a finding that the changes of plea did not occasion substantial prejudice to the remaining defendants' rights. It is clear, therefore, that a finding on appeal that no prejudice resulted from a mid-trial change of plea is not dependent on the giving of such a cautionary instruction by the trial court. Rather, the appropriate inquiry is whether, under all the circumstances,[3] the appellant was deprived of a fair trial by the prejudice allegedly arising from the change of plea.

■ An important circumstance which renders the instant case an even stronger one for affirmance than those discussed above is the fact that Cox, after indicating his desire to plead guilty, then testified for the State. As discussed earlier in this opinion, that testimony was sufficient, in and of itself, to support a finding of Webb's guilt beyond a reasonable doubt. In comparison with the direct evidence provided by Cox's extremely damaging testimony, the effect of any *inference* of Webb's guilt occasioned by Cox's guilty plea is truly negligible and could not have deprived Webb of a fair trial. Consequently, the trial court properly refused to grant Webb's motions for a mistrial and for a separate trial based on the alleged prejudice resulting from Cox's change of plea.

Webb has not argued at any stage of the proceedings that the timing of Cox's plea and of his decision to turn State's evidence was the result of any connivance between the State and Cox which was designed to sabotage Webb's defense. *Compare: Koolish v. United States, supra,* 340 F.2d at 530–531. Proof of such conduct in another case might require a result different from the one which this Court reaches today.

2. No instruction on this subject was given in the court below.

3. Among the circumstances to be considered are the strength of the evidence of guilt and the sufficiency of the cautionary instruction, if one is given.

The judgment below is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, P. J., concurs in result.