Wayde M. MENEFEE, Appellant,

v.

STATE of Indiana, Appellee.

No. 280S31.

Supreme Court of Indiana.

March 9, 1981.

John F. Subreck, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

In this case Wayde M. Menefee appeals from a conviction for burglary which resulted in a sentence of ten years which the judge ordered served consecutively to a sentence of two to five years meted out in another case. This appeal does not satisfy the jurisdictional prerequisites of Ind.R. App.P. 4(A)(7) in that there has been here no single sentence imposing a minimum greater than ten years. However, we exercise our inherent judicial authority and retain this case for disposition on the merits.

The gravamen of the offense was that appellant broke into the house of Leon Mauricio in Allen County, Indiana and stole a number of guns and a gold watch. He contends in this appeal that the evidence was insufficient to support the jury verdict in that the central part of it came from one who had participated in the crime and the testimony of this person was given in return for a promise by the prosecutor to recommend a suspended sentence for her on a like charge arising out of the same incident, and such testimony was fraught with inconsistencies. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

According to the testimony of the accomplice Sarah Jennings, she planned the burglary. She knew that Mauricio had a number of guns in his house and she wanted one to pass to a boyfriend to aid him in an attempt to escape from jail. She persuaded appellant to break into the house and steal a gun for her. Jennings drove past the house in her blue Maverick a couple of times to check it out, and then dropped appellant off there and drove around the block, stopping once and lifting the lid of her car trunk. Five to ten minutes later she drove back to the house and appellant came out carrying a number of guns and a gold watch. Together they left in the Maverick.

Two neighbors of Mauricio testified at trial that they had observed Jennings and a man in and about a blue Maverick in their area at the time established for the burglary. One testified that she observed Jennings get out of the car and open the trunk lid and saw only one person—a man—come running out of the house and get in the car.

Jennings made a full disclosure of the plea bargain she had made with the State before the jury. She testified that she had entered a plea of guilty to a charge of burglary at the Mauricio home and in exchange for a recommendation of a suspended sentence by the prosecution agreed to testify against appellant.

A police officer testified that upon his request Jennings procured and turned over to him a weapon identified as one stolen from the Mauricio residence.

In questioning the nature of the Jennings testimony appellant relies upon *Newman v. State*, (1975) 263 Ind. 569, 334 N.E.2d 684, wherein we stated:

"An accomplice who turns 'state's evidence' and agrees to 'cooperate' with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of effective law enforcement. It does not necessarily follow that because of inducements offered to the accomplice his testimony is false. It is, however, highly suspect. Because of the pressure of such undue influence upon the witness in such cases the jury

should have the evidence relating thereto. Such type of influence naturally impairs the credibility of such a witness.

"In this state a defendant may be found guilty solely on the evidence of a confessed accomplice. *Walker v. State,* (1934) 206 Ind. 232, 189 N.E. 127; *Payne v. State,* (1924) 194 Ind. 365, 142 N.E. 651. Because human nature would tend to cause accomplices to 'unload' against their partners and desire to clear themselves as much as possible of blame for a crime, such testimony should be highly scrutinized by the jury or fact finder. Such fact finding body should have before it all the relevant circumstances that caused or induced such witness to testify, including the rewards for such testimony." 263 Ind. at 572, 334 N.E.2d at 686–87.

We continue to view accomplice testimony in this light. However, here, a full disclosure of the role of the plea bargain in inducing Jennings to testify for the prosecution was made to the trier of fact, and it was in a position to evaluate her credibility in light of it. Moreover, her story was supported in large measure by the independent evidence of the two neighbors and testimony of the officer.

 In further questioning the nature of the Jennings testimony appellant points to testimony of the police officer that Jennings at one time before trial said that she and appellant were accompanied by a third person, one Jennifer Blakely; and had at one time refused to tell him what had happened to the pistol she had acquired. It is the essence of the function of the trier of fact to assess the weight and credit of the testimony of trial witnesses in light of such inconsistencies and contradictions. It is not the function of this Court. On review we are relegated to determining whether evidence was presented which was susceptible of belief and which if believed would convince a reasonable trier of fact of guilt beyond a reasonable doubt. The testimony of Jennings while that of a confessed accomplice, and while not totally consistent and unvarying, was nevertheless susceptible of belief and when taken in conjunction with the balance of evidence of guilt was sufficient to warrant this conviction.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.