**John Michael REED, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8706–PC–566.

Supreme Court of Indiana.

June 7, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a belated appeal from a 1969 conviction. A jury trial resulted in a conviction of First Degree Murder for which appellant received a life sentence.

The facts are: Margaret Black, the victim in this case, was in the business of selling jewelry and various other trinkets and small items. She kept a large quantity of her inventory in the trunk and back seat of her car. At approximately 4:20 a.m., on November 26, 1968, Indianapolis Police officers found the victim's car burning in the vicinity of 16th Street and Northwestern in Indianapolis. At approximately 3:00 p.m. that same day, officers recovered Mrs. Black's body floating in the canal along the 600 block of North Missouri Street about a mile from where the automobile was found. Mrs. Black had a flesh wound to the back of her head which was sufficient to cause unconsciousness; however, the coroner testified she died from drowning.

Marilyn Fields testified that on November 25, 1968 she lived in an apartment at 9th and College with Pam Worland; that they knew John Reed, appellant in this case, and John Glover; that during that same week Reed and Glover visited Fields's apartment; and that Reed was wearing a light tan windbreaker and a hat. She was not positive as to their exact identity, but the windbreaker and hat recovered at the scene of the burned automobile were similar to those worn by Reed.

She testified that two or three hours after Reed and Glover left her apartment they returned with a big sheet full of merchandise, that Reed was not wearing the windbreaker or the hat that he had been wearing previously, and that there was something wrong with his hands. The women were asked to help sort the items in the sheet and to remove the business cards which contained Mrs. Black's name and address. Items in the sheet included a sweater and a blond wig which were identified as having belonged to Mrs. Black. Pam Worland also testified and verified Fields's testimony.

John Glover testified that he had known appellant for fifteen (15) to twenty (20) years and that he had been indicted as an accessory to the offense with which appellant was charged. He stated that when he got off work on November 25 he went to the apartment of Fields where he saw jewelry, a wig, and other items on the table. Appellant arrived shortly and told Glover that he had "offed a broad" and had her car outside. Glover further testified that Reed wanted him to follow him to get rid of the car.

They eventually drove to the area of 16th Street and Northwestern where appellant drove the car into some shrubs and weeds. He took a sheet out of the car, put items from the trunk into the sheet, and then put them in the back of Glover's car. Appellant then poured gasoline into the interior of the car. When he ignited the gasoline, the car exploded into flames, singeing appellant's eyebrows and setting fire to his jacket. Appellant rolled on the ground and extinguished the flames, but sustained burns. In the process, both the hat and the jacket were left at the scene where they were later recovered by the police.

Appellant's brother, James Reed, testified that he had seen Glover driving a gold 1968 Riviera on November 25 at 10:45 p.m., and he saw him driving the same car at about eight or nine o'clock the next morning in the same area. However, this was after the victim's automobile had been found burned. Appellant testified that he did not kill the victim and that he did not tell Glover or anybody else that he had. Appellant testified that Glover told him that he had killed the woman in the course of robbing her. The sum total of the testimony of Glover and appellant was that both participated in the division of the goods taken in the robbery; however, each blamed the other for the robbery and the killing of the victim. Appellant also stated that Glover told him that he had taken the automobile out and burned it. However, it was appellant who had burns on his person and whose hat and jacket were found at the scene of the burning car.

Appellant claims the evidence is insufficient to support his conviction for first degree murder. Appellant concedes this Court will not weigh the evidence, citing *Correll v. State* (1985), Ind., 486 N.E.2d 497. However, he claims the evidence in this case is insufficient because Glover's testimony is inherently incredible. He points to the fact that Glover told both appellant and appellant's brother that he had killed the victim.

Appellant points out that this Court has often cautioned about the credibility of the testimony of an accessory, citing *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684. However, in the case at bar, we do not have the sole and unsupported testimony of an accessory. There is the testimony of both Fields and Worland that both appellant and Glover were in the witnesses' apartment with the property taken from the victim. There is also the independent evidence of burns on appellant, his singed eyebrows, and his hat and singed jacket at the scene of the burning automobile.

When one considers the testimony of the two men together, it becomes abundantly clear that one of them killed the victim. There is ample evidence in this record from which the jury could deduce that it was in fact appellant who committed the murder. There is sufficient evidence in this case to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.