Terry JARRETT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1285S528.

Supreme Court of Indiana.

Oct. 21, 1986.

John C. Wood, Howard County Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Terry Jarrett was found guilty by a jury of the crime of burglary, a class B felony. Among the issues presented for review is whether the trial court erred in refusing to permit two co-offenders to be cross-examined regarding the penalties they would have faced had they not entered into plea bargains.

On September 27, 1984, defendant and two co-offenders broke and entered into a private residence and removed various items. Both accomplices testified on behalf of the State following plea agreements in which they pled guilty to lesser offenses which would result in their avoidance of imprisonment. The trial court sustained the State's objections to defendant's questions regarding the potential penalties facing these witnesses had they not agreed to testify.

Defendant contends that the possible penalties faced by the witnesses was proper evidence necessary for the jury's determination of weight and credibility. In *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684, 686–87, Justice Arterburn observed:

An accomplice who turns "state's evidence" and agrees to "cooperate" with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of effective law enforcement. It does not necessarily follow that because of inducements offered to the accomplice his testimony is false. It is, however, highly suspect. Because of the pressure of such undue influence upon the witness in such cases the jury should have the evidence relating thereto. Such type of influence naturally impairs the credibility of such a witness.

\*     \*     \*     \*     \*     \*

Because human nature would tend to cause accomplices to "unload" against their partners and desire to clear themselves as much as possible of blame for a crime, such testimony should be highly scrutinized by the jury or fact finder. *Such fact finding body should have before it all the relevant circumstances that caused or induced such witness to testify, including the rewards for such testimony.* [Emphasis added]

The State argues that such questioning amounted to indirect attempts by the defense to inform the jury of the potential penalty facing the defendant. It is argued by the State that, since the jury has no sentencing function, it should not be informed as to the range of sentences possible. *Wisehart v. State* (1985), Ind., 484 N.E.2d 949; *Griffin v. State* (1981) 275 Ind. 107, 415 N.E.2d 60.

■ While sentencing information may not be relevant to the jury's duty in a criminal case, we do not perceive it to present a substantial risk of prejudice to the State. To the contrary, however, significant harm results when the jury is prevented from learning the extent of benefit received by a witness in exchange for his testimony. It would be obviously relevant and proper for a jury to consider the amount of compensation a witness expects to receive for his testimony. It is equally proper for this jury to know the quantity of benefit to accusing witnesses. It is quite relevant whether they are thereby avoiding imprisonment of ten days, ten weeks, or ten years.

■ The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347; *Greene v. McElroy* (1959), 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377. Against the crucial role of full and proper cross-examination, the State's desire to cen-

sor sentencing information is clearly subordinate.

The judgment of the trial court is reversed, and this cause is remanded for a new trial.

DeBRULER and SHEPARD, JJ., concur.

GIVAN, C.J., dissents.

PIVARNIK, J., dissents with opinion in which GIVAN, C.J., concurs.

PIVARNIK, Justice dissenting.

I must respectfully dissent from the holding of the majority here in reversing the conviction of Appellant solely on the grounds: "The trial court erred in refusing to permit two co-defendants to be cross-examined regarding the penalties they would have faced had they not entered into plea bargains."

The record shows the two co-defendants in question, Gary Eugene Hollingsworth and Mark McKinney, testified at some length to the jury as to the details of plea bargains entered into with the State that induced them to testify against Appellant. Their testimony indicates they did not know what the potential penalties were for their original charge of class B felony at the time they entered their plea bargains. The question of what that actual penalty was, was then irrelevant if, in fact, they knew it at the time they were testifying, as it was not an inducement to their testimony.

That presents the main problem I have with the majority's holding here. In the first place, we are going to take one fact not given to the jury, and find the exclusion of that one fact reversible even if the record shows the jury was fully advised of sufficient facts and circumstances of the plea bargain to indicate the interest of that witness on which to base the assessment of credibility. Second, we are holding that in each case the witness must be able to testify as to the maximum penalty he might have received had he been convicted as originally charged. The problem with this is demonstrated by the testimony of these two witnesses which indicated they did not know what such penalties were. It probably will be true in most cases that a witness will be unable to testify as to what sentence he might have gotten since a trial court has a range of options. Apparently, the majority would require the State to inform the jury of what the maximum penalties were, even though the witness did not know what they were at the time of entering his plea bargain, and therefore was not induced by such facts to testify.

There is merit to the State's position that what Appellant actually was trying to do was inform the jury of the sentence Appellant himself was facing. This was borne out by the fact that Appellant, Hollingsworth, and McKinney, all were charged with burglary, class B felony. Originally Appellant was being tried for that crime, and the defense attempted to elicit the penalties for class B felony from police officers, even though it was shown those officers did not communicate to any of the witnesses the penalty for class B felony. An examination of the testimony of Hollingsworth and McKinney shows Appellant was not denied a full and proper cross-examination of those two witnesses, and that the trial court did not permit the State to censor sentencing information that prejudiced this Appellant.

Gary Hollingsworth testified that he promised to testify as a result of the plea bargain that was entered into between his attorney and the prosecuting attorney. There were two plea bargains entered into, one having been originally submitted and then withdrawn; and a second one, more advantageous to Hollingsworth, which was submitted and entered into. Both of these plea bargains and their details were given to the jury. The first plea bargain was identified as State's Exhibit G. In that plea bargain, Hollingsworth agreed to plead guilty to theft, a class D felony. He was to receive a two year sentence which would be suspended, and he would be placed on probation for a period of one year. In addition, the State of Indiana agreed it would not seek to revoke Holl-

ingsworth's probation in a cause in Howard County Court. In exchange for this, Hollingsworth agreed to testify against Appellant. After this plea bargain had been submitted to the court, but before the court indicated whether it would accept or reject the plea bargain, Hollingsworth's attorney realized that entering the plea to theft, class D felony, would have created a problem in a prior felony conviction for theft this witness had in Cass County. Hollingsworth testified that if he had pleaded guilty to the plea bargain demonstrated by State's Exhibit G, he would have violated his probation in Cass County, which provided he not be convicted of another felony. He stated, "I would have been re-convicted and sent back down to the Farm." Defense counsel asked, "So you would have been put in prison, is that right?" Hollingsworth answered, "Yes." For that reason, the first plea bargain was withdrawn and a second plea bargain was entered into that was marked as State's Exhibit H. In this plea bargain, Hollingsworth pleaded guilty to conversion, a class A misdemeanor, received a one-year sentence, and was placed on probation for a period of one year. Again, the State would not seek to revoke Hollingsworth's probation in another case in Howard County Court. That case involved the thefts of stereo equipment in which he was found guilty of ten (10) counts of misdemeanors in which he received six-month sentences, all running consecutively for a total of five (5) years. Hollingsworth testified under cross-examination that he made the deal with the State in this case in return for pleading guilty to conversion and being placed on probation, that a felony conviction would have been non-suspendable, and if he had not agreed to testify he would have gone to prison. He stated that he had discussed his situation with Detective Smith, and Detective Smith had told him he could get up to eight (8) years if he did not testify. He further was aware he could get five years in Howard County if his probation was revoked on the previous charge. He then was asked on cross-examination if he knew the penalty for burglary of a dwelling, and an objec-

tion as to relevancy was sustained. He was asked what the penalty for a conviction for theft is, and again an objection was sustained on the matter of relevancy.

It is the ruling on these two questions of which Appellant now complains, and on which the majority bases its reversal. As we have pointed out, there is no showing that Hollingsworth, at the time he entered into his plea bargain and testified for the State, even knew what those penalties were. Furthermore, he testified at length and repeatedly said on direct and cross-examination, that he testified to prevent himself from going to prison for convictions or revoked suspensions on prior causes. To say this jury was uninformed as to the interests of this witness so that they might assess his credibility, is unrealistic.

Much the same pattern is shown by examination of the transcript with regard to the testimony of Mark McKinney. McKinney testified he would not have testified for the State without the plea bargain. He stated he never was told the penalty for burglary or theft, and was not able to tell it on the stand.

"Q. Did he tell you you were charged with burglary?

A. Yes sir.

Q. Did he tell you what the penalty was for burglary?

Mr. Shrock: Objection, Your honor. Irrelevant.

Judge Parry: Not to whether he told him what the penalty was. He hasn't asked him if he knows it yet. He just wants to know if the officer told him. You may answer, without stating the penalty. Just yes or no.

A. Could you ask the question again?

Q. Did he advise you as to what the penalty for burglary was?

A. No, sir, I don't think so.

Q. Did you know of your own knowledge what the penalty was:

A. No sir. I didn't know until I come to court, you know. I was out in jail two days and then I went to Court and then I found out.

Q. Do you know what it is today?

Judge Parry: That calls for a yes or no answer.

A. Yes sir.

Q. Could you tell us what that penalty is?

Mr. Shrock: Objection, your honor, irrelevant.

Judge Parry: Sustained.

Q. You pled guilty to theft?

A. Yes, sir.

Q. You agreed to testify against Terry Jarrett?

A. Yes, sir.

Q. And do you know what the penalty for theft is?

Mr. Shrock: Objection. What he received and what the possible penalties are, are different.

Judge Parry: sustained.

Mr. Menges: Judge, if we get the same thing into a yes or no type situation, does he know what the potential penalty for theft is, I think that's a relevant question.

Judge Parry: If that is the question.

Mr. Menges: That is the question.

Judge Parry: To answer yes or no, I'll allow it.

Q. Do you know what the potential penalty for theft, for a conviction of theft is?

A. No sir, I don't. I don't know much about the law.

Q. You do know that you were found guilty of theft pursuant to the plea bargain?

A. Yes, sir.

Q. You knew that you were going to get probation, did you not, when you signed the plea bargain, if it was accepted by the court?

A. Yeah, if it was accepted by the Court, I knew I was going to get it, but when I seen the plea bargain I didn't know what was going to happen to me.

Q. But you knew you'd get probation if you agreed to testify against Terry Jarrett?

A. Not actually.

Q. If the plea bargain was accepted.

A. Yeah, if it was accepted.

Q. And in fact it was accepted?

A. Yes sir.

Q. And you in fact got probation?

A. Yes sir. (R.P. 435–437)

The majority relies for its reversal of this conviction on *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684. I am in full accord with the holding in *Newman* and would point out that that holding has been followed on numerous occasions by this Court. *Newman,* however, presented a situation in which a witness was presented for the State to testify against the defendant as an accomplice, and in which the jury was not informed at all that there had been an agreement with the witness for leniency in his own conviction and sentence in exchange for his testimony. I know of no holding by this Court or any other that has stated that testimony must include the maximum sentence facing the witness for a conviction of his original charge, particularly when it is shown the witness doesn't know what that sentence might be. I think the cases have been decided on the following statement in *Newman:* "Such factfinder should have before it all the relevant circumstances that caused or induced such witness to testify, including the rewards for such testimony." *Id.* 263 Ind. at 572, 334 N.E.2d at 687. This jury certainly had before it such information and I would affirm the trial court in finding so. Even if this Court were now to find that the maximum potential sentence is a factor to be considered by the jury where a witness had entered a plea agreement, the absence of such knowledge in the present case clearly was harmless error in light of all the information the jury did have.

GIVAN, C.J., concurs.