**James Tyrone BUSSEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 18S00–8709–CR–877.**

Supreme Court of Indiana.

April 18, 1989.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Rape, a Class B felony, for which he received a sentence of fifteen (15) years.

The facts are: On August 13, 1986, 16–year–old M.G. walked down Second Street in Muncie with her brother and his girl friend. They met several friends on the street, and appellant was among the group.

M.G.'s brother left and she went to a house with Kevin Wilson, Danny Johnson, Richard Speakes and appellant, where they all talked, drank and smoked marijuana.

After some time, M.G. left the group to go to the restroom. When she exited the restroom, she saw that all the lights in the house had been turned off. She walked into the hall and was grabbed from behind and knocked to the floor. Richard Speakes held her arms while Danny Johnson, Kevin Wilson and appellant removed her pants and raped her.

M.G. testified that after they raped her, she gathered her clothes and ran out the door. She solicited help from a neighbor, who called police and an ambulance.

■ Appellant first argues the trial court erroneously overruled his motion to dismiss the charging information. The information showed that M.G. was sixteen years of age at the time of the attack. Appellant asserts that the age of the victim is not an element of the offense and its inclusion in the information was prejudicial.

No reversible error will be found unless appellant was prejudiced. *Kelsie v. State*

(1976), 265 Ind. 363, 354 N.E.2d 219, *cert. den.* (1977), 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 541. Unnecessary verbiage is not prejudicial unless it is manifestly detrimental and wholly foreign to the subject matter of the information. *Heflin v. State* (1977), 267 Ind. 427, 370 N.E.2d 895.

M.G.'s testimony began with her statement of her name, age and address, to which appellant made no objection. Also, the jury could observe by looking at M.G. that she was a young girl. We find that although the inclusion of her age on the information was unnecessary, it was not prejudicial to appellant. Therefore, appellant's motion to dismiss was properly denied.

■ Appellant argues the trial court erroneously allowed the prosecutor to ask M.G. leading questions. He first objected to the following question: "Are you sure each had intercourse with you?" Appellant contends that except for this question, the State presented no evidence establishing that he actually engaged in intercourse with her.

Immediately before the question was asked, M.G. stated that Speaks held her arms while someone removed her pants. The prosecutor asked, "What happened next?" and she replied, "... they just raped me ..." She was asked to define "they" and she said, "James Bussey and Kevin Wilson and Danny Johnson."

A leading question is one which suggests to the witness the answer desired. *Goodman v. State* (1985), Ind., 479 N.E.2d 513. The trial court is afforded wide discretion in allowing leading questions and the trial court's decision will be reversed only for an abuse of discretion. *Jones v. State* (1986), Ind., 500 N.E.2d 1166.

It is evident from the record that M.G. was emotional when she was on the stand. A young, inexperienced, and frightened witness can be asked leading questions to help guide his or her testimony. *Ricketts v. State* (1986), Ind., 498 N.E.2d 1222. Further, because the question was merely cumulative of her prior testimony, appellant

was not harmed. *Watkins v. State* (1984), Ind., 460 N.E.2d 514.

■ Appellant also complains about a question asked to the neighbor who helped M.G. after the rape. The prosecutor asked her, "Did she say whether she knew any of these people?" Before the witness could respond, appellant objected to the question on the ground that it was leading.

The court overruled the objection, but the question was never answered. In appellant's brief, he does not state how he was harmed. We find no reversible error. *Jones, supra; Kelsie, supra.*

■ Appellant contends the trial court erred in allowing hearsay testimony into evidence.

At trial, two police officers and two neighbors who helped M.G. after the rape testified about their involvement in the incident and M.G.'s description of the rape to them. The trial court overruled appellant's hearsay objections. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

However, we need not address the applicability of the *Patterson* rule in this case. The utterances of the victim to the police officers and the neighbors were admissible as spontaneous or exited utterances. *Riley v. State* (1987), Ind., 506 N.E.2d 476.

■ Appellant next argues prejudicial error occurred when a witness used the term "mug shots" in his testimony.

Officer Charles Hittson was asked to describe the procedure for arranging a photographic lineup. He responded, "These pictures were put in a cardboard folder showing just the pictures or, of the individuals, not the outlines. All of our mugshots [sic] or pictures have the ... suspect's name ... on the back of the pictures." Appellant objected on the ground that the reference to the "mug shots" implied that he had a prior criminal record.

In *Coleman v. State* (1986), Ind., 490 N.E.2d 325, this Court held that the use of the term "mug shot" may be prejudicial, but the mere mention of the term is not reversible per se. Although the witness in *Coleman* inadvertently used the term, there was substantial evidence of guilt before the jury; thus, no reversible error occurred. Similarly, we hold that no reversible error occurred when Officer Hittson mentioned the term "mug shots" during his testimony.

Appellant argues that M.G.'s in-court identification of him was tainted by a photographic lineup which was improper. He asserts he was not afforded counsel when the victim identified his photograph, and the lineup was unduly suggestive because four of the seven persons in the lineup had facial hair and he was clean-shaven.

■ There is no absolute right to have counsel present during any photographic identification. *Hill v. State* (1977), 267 Ind. 411, 370 N.E.2d 889. The Sixth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against appellant. *Little v. State* (1985), Ind., 475 N.E.2d 677.

■ In appellant's case, the record shows that on August 14, 1986 the photo lineup was prepared. After M.G. identified appellant as one of the men who raped her, appellant was advised that he was under arrest for rape and battery. The information was filed the same day. Because the photographic lineup occurred before adversary proceedings had begun, appellant was not deprived of his Sixth Amendment right to counsel.

■ A photographic array is impermissibly suggestive when its use raises a substantial likelihood of misidentification given the totality of the circumstances. The fact that appellant is the only one in the array with a particular characteristic related to his hair does not, in and of itself, make the array impermissibly suggestive. *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274.

We held in *Harris v. State* (1981), Ind., 427 N.E.2d 658 that a photographic array was not unduly suggestive when it included bearded subjects while appellant was clean-shaven, so long as more than one person in the display was clean-shaven. There is no evidence in appellant's case

showing police suggested to M.G. that appellant was in the display. Further, M.G. spent several hours with appellant in a fully-lit room before the attack occurred. We find that M.G.'s identification of appellant was not tainted.

Appellant claims the trial court erroneously refused cross-examination of a State's witness about his proposed plea agreement.

Richard Speakes testified about his presence at the scene of the rape and he implicated appellant. On cross-examination, appellant questioned him about his plea agreement with the prosecutor in exchange for his testimony. The trial court disallowed appellant to question Speakes about a proposed plea offer which included a suspended sentence, because the offer never manifested into an agreement. The court limited cross-examination to the actual agreement reached, and appellant believes such limitation was reversible error.

This Court held in *Jarrett v. State* (1986), Ind., 498 N.E.2d 967 (Givan and Pivarnik, JJ, dissenting), that the exposure of a witness's motivation in testifying is a proper and important function of the constitutionally-protected right of cross-examination. The jury should have before it all of the relevant circumstances which caused or induced such witness to testify, including the rewards for such testimony. *Id.*

Speakes was asked whether he had any kind of agreement with the prosecutor's office. He testified that he was to plead guilty to a Class C felony of battery and testify truthfully, whether it was good for appellant or the State. He testified that he believed his maximum sentence would be from four to eight years. Speakes also was asked whether the Class A rape charge would be dismissed, and he said it was left up to the judge. Appellant then asked Speakes whether he knew that the maximum penalty for a Class A felony was 50 years, and Speakes said, "No."

From the testimony, the jury was informed of the benefit Speakes received for his testimony, and they had the opportunity to discount his credibility accordingly. Because Speakes did not benefit from the proposed plea offer, it was irrelevant in establishing his motive for testifying. Therefore, we find no error in the limitation of cross-examination.

Appellant contends reversible error occurred when the trial court refused to allow the defense to ask a witness, Danny Johnson, whether M.G. was drunk at the time of the attack. He asserts the lost opportunity to attack M.G.'s credibility denied him a fair trial.

At trial, Johnson was asked whether M.G. was drunk, and he said he didn't know. The court sustained the State's objection, and stated that the answer would go out. Johnson was then asked whether she was speaking distinctly, and he answered "yes." When asked whether her eyes were bloodshot or she had difficulty walking, he said, "No."

From Johnson's testimony, it is clear that he did not have the opinion that M.G. was intoxicated. Because appellant has failed to show prejudice from the court's ruling on the objection, we find no reversible error. *Wagner v. State* (1985), Ind., 474 N.E. 2d 476.

Appellant asserts that cross-examination of a defense witness caused reversible error.

Officer Cook investigated the rape and photographed the house in which the attack occurred. He testified that he did not observe anything which led him to believe a struggle had occurred in the house.

On recross examination, Officer Cook was asked whether someone could have been thrown to the floor without disturbing anything in the room. Appellant objected to the question on the ground that it called for speculation. The trial court overruled the objection, and the officer answered that it was entirely possible for one to be on the floor in the area without disturbing the furniture. Appellant contends that Officer Cook was improperly allowed to draw a conclusion on an issue vital to the case.

Officer Cook had been a police officer for twelve years and had experience in investigating scenes at which a struggle had oc-

curred. He was not asked if a struggle occurred. He was asked if a struggle could have occurred without disturbing the furniture. The jury was able to weigh the credibility of his opinion before ultimately deciding the question of the existence of a struggle. We find no abuse of the trial court's discretion. *Powers v. State* (1982), Ind., 440 N.E.2d 1096.

 Appellant argues the trial court improperly denied his motion for mistrial during *voir dire* when one prospective juror stated she would have difficulty being a juror. While seated among the other prospective jurors, the juror stated, "I have read that (inaudible) in the paper, not necessarily (inaudible).... I didn't remember the girl's name necessarily, but I remember this Tyrone, Tyrone Bussey and also sometime back he was involved on the same subject (inaudible) Ball State."

The trial court then engaged in a long dissertation about the jurors' duty to focus their attention only on evidence presented at trial and that any information from news media should be disregarded. Appellant requested a recess and moved for a mistrial or to replace the venire.

The prospective juror who made the comment was excused, and those remaining were asked individually whether they heard the comment. Some heard it, some heard parts of it, and some did not hear it. The trial court asked those who heard it whether they could disregard the comment and consider the case only on the evidence presented. They stated they could do so, and they were admonished to only consider the evidence presented by the witnesses. Appellant renewed his motion for mistrial, and it was denied.

The granting of a mistrial when improper evidence of past crimes is admitted lies within the trial court's discretion, and this Court will reverse the trial court's ruling only when appellant has been placed in a position of grave peril to which he should not have been subjected. *Criss v. State* (1987), Ind., 512 N.E.2d 858.

The procedure used by the trial court to determine whether the jury members were biased was correct. From the interroga-

tion of each juror, it became apparent that they could objectively make a determination about the case without considering the excused juror's reference to the news story. Therefore, appellant has not shown he was placed in a position of grave peril. *Thompson v. State* (1986), Ind., 492 N.E.2d 264.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.