**Richard HAMNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 16A04–8809–CR–293.

Court of Appeals of Indiana, Fourth District.

April 26, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Richard Hamner (Hamner) appeals his convictions for possession of marijuana and possession of cocaine, both class D felonies. IND. CODE 35–48–4–6, 35–48–4–11(1).

We reverse.

Because we reverse, we address only the issue of whether the trial court erred in refusing to permit Hamner to question his co-offender concerning the penalties his co-offender might receive.

In November, 1987, Darin Childers (Childers), along with two other men, drove to the residence of Hamner and Jeff Redd (Redd). Childers observed one of the men purchase marijuana from Hamner. Additionally, when asked whether he sold cocaine, Hamner removed a package containing cocaine from his pocket.

Subsequently, Childers telephoned the police to report the incident. Childers met with Indiana State Police Officer Stephen Todd (Todd). Childers directed Todd to Hamner's residence. Later, Childers identified Hamner and Redd from police photo albums.

Based on the information provided by Childers, Todd swore to a probable cause affidavit for a search warrant. A search warrant was issued after which Todd and other officers searched Hamner's residence. Their search revealed the presence of both marijuana and cocaine in the house.

Hamner was charged with possession of cocaine and possession of marijuana. After a jury trial, Hamner was convicted of

both charges. He was sentenced to terms of two years for each offense. Both sentences were enhanced by two years and ordered to run consecutively, for a combined total of eight years.

Hamner contends the trial court erred when it refused to permit Hamner to question Redd, his co-offender, concerning the penalties he might receive. After searching the house where Hamner and Redd resided, the police charged both Hamner and Redd with possession of marijuana and cocaine. Subsequently, Redd pled guilty to possession of marijuana and the possession of cocaine charge was dismissed.

Thereafter, at Hamner's trial, Redd testified for the prosecution. On cross-examination, Redd testified there was no plea agreement with the State concerning the term of imprisonment for his possession of marijuana conviction. However, he testified the trial judge, at his discretion, could consider the conviction as a misdemeanor or a felony. Defense counsel then questioned Redd concerning the possible statutory penalty for possession of marijuana as a class D felony, to which the State objected. The trial court sustained the objection reasoning questions concerning penalties were inappropriate since no written plea agreement had been entered. Hamner now argues this restriction on cross-examination was error because the trier of fact must have the opportunity to consider any evidence of promises made to the witness.

Certain basic principles apply to an accomplice's testimony. Such testimony is highly suspect and should be strongly scrutinized by the trier of fact. *Samuels v. State* (1987), Ind.App., 505 N.E.2d 120, 122. The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Jarrett v. State* (1986), Ind., 498 N.E.2d 967, 968. To effectively analyze a witness's credibility, a jury should have before it all the relevant circumstances which cause or induce the witness to testify, including the rewards for such testimony and any promises by the State or prosecuting attorney to grant immunity. *Watson v. State* (1987), Ind.,

507 N.E.2d 571, 572; *Samuels, supra.* It is essential to the jury's fact finding role any bias and prejudice of a witness be exposed so that the jury can weigh the witness's testimony and a fair trial is insured. *Janner v. State* (1988), Ind.App., 521 N.E.2d 709, 716. This disclosure must include all relevant circumstances which induced the witness's testimony. *Samuels, supra.*

In recent years, our state courts have directly addressed this issue on several occasions. In *Jarrett, supra,* our supreme court overruled, or at least modified, prior holdings in this regard. See *Samuels, supra.* In *Jarrett,* our supreme court found reversible error based on the trial court's refusal to permit two co-offenders from being cross-examined regarding the penalties they would have received had they not entered into plea agreements. In its reasoning, the court stated:

> While sentencing information may not be relevant to the jury's duty in a criminal case, we do not perceive it to present a substantial risk of prejudice to the State. To the contrary, however, significant harm results when the jury is prevented from learning the extent of benefit received by a witness in exchange for his testimony. It would be obviously relevant and proper for a jury to consider the amount of compensation a witness expects to receive for his testimony. It is equally proper for this jury to know the quantity of benefit to accusing witnesses. It is quite relevant whether they are thereby avoiding imprisonment of ten days, ten weeks, or ten years.

*Id.,* at 968. The court further held the goal of preventing disclosure of potential penalties is subordinate to the defendant's right to full and proper cross-examination. *Id.,* at 968–969.

In *Samuels, supra,* the testifying co-offender testified to his plea agreement and subsequent dismissal of the charges against him. However, defense counsel was not permitted to examine the witness concerning the penalties for a class B felony, which was part of the original sentencing arrangement. We held the trial court's restriction on cross-examination constituted

reversible error. We held the balance between the goals of full cross-examination and preventing prejudicial information concerning sentencing from reaching the jury must be struck in favor of permitting the questioning of an accomplice concerning penalties. *Id.,* at 123.

Most recently, in *Watson, supra,* our supreme court held the refusal to permit cross-examination of a co-offender concerning potential sentences he would have faced had the charges against him not been reduced constituted reversible error. The *Watson* court held counsel must be afforded a reasonable opportunity to "explore and reveal the magnitude of the witness's inducement to testify." *Id.,* at 572. The court concluded the restriction of such cross-examination substantially impaired the reliability of the resulting conviction, thus the court reversed the conviction. *Id.*

■ In the case at bar, the trial court erred in restricting Hamner's right to full and proper cross-examination. Although it is apparent from the record there was no written plea agreement, it is equally apparent Redd received some patent benefit for his decision to testify. The evidence indicates the charge of possession of cocaine was dismissed and the decision whether to classify his conviction of possession of marijuana as a misdemeanor or a felony was left to the judge's discretion. Under our case law, it is necessary for the fact finder to be apprised of any "deals" which may cause or influence the witness's testimony. See *Games v. State* (1989), Ind., 535 N.E.2d 530, 543, *cert. denied,* (1984), — U.S. —, 110 S.Ct. 205, 107 L.Ed.2d 158. By limiting cross-examination, the jury was not adequately informed of Redd's motivation for testifying against Hamner. While the jury was apprised of the dismissal of the possession of cocaine charge and the discretionary sentencing arrangement, the jury had no way to adequately assess these benefits absent knowledge of the potential penalties for such crimes. As our supreme court stated in *Jarrett, supra,* at 968:

> ... It is equally proper for this jury to know the quantity of benefit to accusing witnesses. It is quite relevant whether they are thereby avoiding imprisonment of ten days, ten weeks, or ten years.

Thus, under *Jarrett* and its progeny, we must find Hamner's cross-examination questions concerning the range of penalties for possession of marijuana both as a class D felony and as a misdemeanor addressed to Redd should have been permitted. The trial court's failure to permit such questioning constituted reversible error.

■ In its argument, the State implicitly concedes the trial court erred by refusing to permit questions concerning penalties. However, the State argues the trial court's refusal to allow the questioning was harmless error. The State maintains the jury had sufficient facts concerning the circumstances of Redd's testimony to evaluate his credibility.

We disagree. As we held in *Samuels, supra,* at 124, we cannot say the error was harmless. Redd's direct testimony of Hamner's involvement was of prime importance to the prosecution's case. Because of this importance, the jury should have been made aware of Redd's motivation for testifying. Thus, the error was not harmless. See *Samuels, supra.*

The judgment is reversed and the cause remanded for a new trial.

SHIELDS, P.J., and MILLER, J., concur.