**In the Matter of the Honorable Carlton E. SANDERS, Judge of the Harrison Superior Court.**

**No. 31S00–9606–JD–442.**

Supreme Court of Indiana.

Dec. 17, 1996.

James H. Voyles, Indianapolis, for Respondent.

Meg Babcock, Indianapolis, for Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Commission on Judicial Qualifications and the Respondent have entered into and now tender for this Court's approval, a Statement of Circumstances and Conditional Agreement for Discipline.

The agreement arises out of a Notice of the Institution of Formal Proceedings and Statement of Charges filed June 21, 1996. Article 7 Section 4 of the Indiana Constitution and Rule 25 of the Indiana Admission and Discipline Rules give this Court original jurisdiction over this matter.

The facts of this case are not in dispute and are set out in the Conditional Agreement. We summarize those facts as follows.

Carlton E. Sanders, Respondent herein, is and was at all times pertinent to these charges the elected judge of the Harrison Superior Court. In February of 1993, Respondent was appointed special judge in criminal cases pending against Kenny Richardson and Michael Bell. The two were charged with conspiring to deal marijuana. In April of 1993, Respondent met with Richardson while Richardson was incarcerated at the Harrison County Jail. Neither the State nor defense counsel was present at the meeting. Respondent explained this meeting on the record as relating to problems Richardson was experiencing with his attorney. Respondent disqualified himself in Richardson's case.

In July, 1993, Respondent granted the state's motion to extend use immunity to Richardson, who was then named as a witness in the trial against Bell. Bell's trial counsel learned of the *ex parte* meeting between Respondent and Richardson and moved for a change of judge. Respondent denied the motion. During Bell's trial before Respondent, Richardson testified against Bell, detailing the alleged conspiracy. Bell was convicted by a jury on various counts and Respondent entered judgments of conviction.

Prior to sentencing, Bell's appellate counsel filed a renewed motion for change of judge, raising again as grounds the *ex parte* jailhouse meeting between Respondent and the State's witness in the Bell trial. Respondent denied the motion and denied counsel's request to make an offer of proof. Respondent sentenced Bell to prison and assessed various fines, fees, and costs.

The record from the Bell proceeding shows that Respondent sharply criticized Bell's appellate counsel for contacting the Court of Appeals commissioner regarding the process for obtaining an appeal bond. The record also shows Respondent entered an order directing that an affidavit concerning his *ex parte* jailhouse meeting be stricken from the record and further shows that Respondent prohibited comments and questions on the subject.

Bell's convictions were reversed by the Court of Appeals and the case was remanded with instructions to grant Bell's motion for a change of judge. *Bell v. State*, 655 N.E.2d 129 (Ind.Ct.App.1995). The court held that Respondent should have recused himself because his impartiality was reasonably in question. *Id.* at 132.

We view these facts in the light of Indiana's Code of Judicial Conduct. Canon 1 of the Code states that a judge shall person-

ally observe high standards of conduct in order to preserve the integrity and independence of the judiciary. The Code also requires that a judge respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Jud. Canon 2(A). Except in limited circumstances, a judge is prohibited from initiating, permitting, or considering *ex parte* communications concerning a pending or impending proceeding. Jud. Canon 3(B)(8).

The parties agree that Respondent violated Canons 1, 2(A), and 3(B)(8) when he met with Richardson without the presence of the State or defense counsel while Richardson had a case pending before the Respondent. The parties also agree that such conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice.

The Code of Judicial Conduct also states that a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. Jud. Canon 3(E)(1).

The parties agree that Respondent violated Canons 1, 2(A), and 3(E)(1) when he refused to disqualify himself from Bell's case after having met with Richardson, Bell's alleged co-conspirator and ultimately, a witness for the State against Bell, and after having exhibited additional bases to reasonably question his impartiality. The parties also agree that this conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice.

From the above agreed and undisputed facts, we accept the agreement of Respondent and the Commission that Respondent engaged in the charged misconduct. The parties agree that an appropriate sanction for the misconduct here is a suspension from office without pay for a period of seven days.

In light of the foregoing facts and finding of misconduct, this Court concludes that the Conditional Agreement for Discipline entered into by the parties should be approved and the agreed discipline should be and is hereby accepted.

Accordingly, Respondent Carlton E. Sanders, Judge of the Harrison Superior Court, is suspended from office without pay beginning December 25, 1996 and continuing through December 31, 1996. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.