**In the Matter of Honorable Douglas A. COX, Judge of the Cass Superior Court.**

Nos. 09S00–9606–JD–441, 09S00–9610–JD–684.

Supreme Court of Indiana.

May 23, 1997.

Daniel P. Byron, William M. Braman, Indianapolis, for Respondent.

Margaret W. Babcock, Indianapolis, for Commission.

JUDICIAL DISCIPLINARY ACTION

PER CURIAM.

### Background

This matter comes before the Court as a result of two judicial disciplinary actions brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, Douglas A. Cox, judge of the Cass Superior Court.

The Commission and Respondent have jointly tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement arises out of two sets of charges filed by the Commission against Respondent. A Notice of the Institution of Formal Proceedings and Statement of Charges was filed June 21, 1996 and a separate notice of charges was filed October 31, 1996. The first set of charges were filed under Cause Number 09S00–9606–JD–441. The second set of charges were filed under Cause Number 09S00–9610–JD–684.

Article 7 Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give this Court original jurisdiction overs these matters, which are now consolidated for purposes of this opinion.

### The first set of charges

The charges filed under Cause No. 09S00–9606–JD–441 pertain to Respondent's conduct toward a criminal defendant ("C.H.") appearing in Cass Superior Court. C.H. was charged in 1994 with operating a motor vehicle while intoxicated, a class A misdemeanor. Before the commencement of her trial, Respondent engaged C.H. in a dialogue about her demand for a jury trial.

Respondent warned C.H. that he would apply different sentencing guidelines if she was convicted after a jury trial than he would apply if she accepted a plea or a bench trial.

C.H. nevertheless went forward with a jury trial. The jury returned a guilty verdict on the charged offense and the cause proceeded to sentencing. The State did not present any information in aggravation, nor does the record reflect the existence of aggravating factors. Respondent imposed a sentence against C.H. of one year of incarceration, with six months suspended. Respondent sentenced C.H. consistent with a sentencing policy he had generally employed since 1987 by which defendants who demanded jury trials and were convicted received lengthier sentences because of their jury demands than did defendants who submitted to bench trial or who pleaded guilty.

■ A critical distinction exists between the appropriate consideration of cooperation and remorse as mitigating circumstances in fashioning a sentence and the inappropriate imposition of an added penalty for the exercise of constitutional rights. Respondent's conduct under these circumstances violated Canons 1, 2, 3B(2), and 3B(9) of the Code of Judicial Conduct. These Canons generally require judges to uphold the integrity of the judiciary, to maintain high standards of conduct, to respect and comply with the law and to act at all times in a manner which promotes public confidence in the integrity and impartiality of the judiciary, to be faithful to the law, to dispose of all matters fairly, and to avoid conduct prejudicial to the administration of justice.

This was not, however, the only occasion in which Respondent's path crossed that of this same litigant. In 1990, C.H. hired a Logansport attorney ("Attorney") to represent her in a case involving the guardianship of her son. Respondent presided over the guardianship case. In 1993, a dispute arose between C.H. and a local bank concerning the guardianship account at that bank. The Attorney, while still representing C.H., filed in Respondent's court a contempt petition against his client on behalf of the bank. This professional misconduct resulted in a disciplinary grievance initiated by C.H. against the Attorney. Ultimately, in accordance with a conditional agreement reached between the Disciplinary Commission and the Attorney, this Court imposed a private reprimand upon the Attorney for his actions.

While the Attorney's disciplinary case was pending, Respondent wrote to the Disciplinary Commission on the Attorney's behalf. In the letter, Respondent said of C.H., "It is my impression that [she] will never be satisfied until she has spent every last cent in her

son's guardianship account. She has been abusive to my court staff outside of the courtroom and has bordered on being disrespectful of the Court in the courtroom. . . . [C.H.'s] motivation would appear to be simply greed with little concern for her son's best interests."

Three months after Respondent wrote this letter to the Disciplinary Commission, C.H. was charged in his court in the matter which led to the misconduct previously discussed. C.H. was unaware of Respondent's letter or of its contents. Respondent did not disclose to C.H. the fact of his support of the Attorney nor his documented negative impression of her character. As discussed above, C.H. was found guilty and sentenced by Respondent to an executed jail term of six months, which she served.

■ Canons 1, 2, 3B(2), 3B(9), and 3E(1) of the Code of Judicial Conduct generally require judges to uphold the integrity of the judiciary, to maintain high standards of conduct, to respect and comply with the law and to act at all times in a manner which promotes public confidence in the integrity and impartiality of the judiciary, to be faithful to the law, to dispose of all matters fairly, and to disqualify themselves in proceedings in which their impartiality might reasonably be questioned or to disclose information which the parties might consider relevant to the issue of disqualification.

When Respondent failed to either disqualify himself or to disclose to C.H. that he had submitted written materials highly critical of her in support of the attorney who had filed a contempt petition against her, he violated these Canons.

### The second set of charges

The second set of charges filed against Respondent under Cause No. 09S00–9610–JD–684 pertain to his treatment in 1996 of another criminal defendant ("L.L.F."). On June 10, 1996, L.L.F. appeared before Respondent in the Cass Superior Court on a charge of leaving the scene of a property damage accident. The State was present and prepared for trial. On June 7, an attorney had sought a continuance on L.L.F.'s

behalf, which properly was denied on the basis that an appearance had not been filed. The Respondent then was advised that the attorney did not intend to file an appearance or represent L.L.F. at the trial.

At the hearing on June 10, Respondent explained on the record that an attorney had sought a continuance in L.L.F.'s case but had later informed the court that she did not intend to file an appearance. He then advised L.L.F. that he was ready to try the case and to proceed with her opening statement. L.L.F. stated that she wanted representation and did not wish to go forward without an attorney.

Respondent replied by agreeing that L.L.F. had a constitutional right to counsel. However, he then stated that by exercising this constitutional right on the day of trial, she could be found in direct criminal contempt of court. Respondent asked L.L.F. if she wanted to exercise her right to counsel or proceed to trial. L.L.F. replied that she did not fully understand. Respondent then stated:

> My question is, do you wish to proceed at this time without counsel or do you wish to have counsel present, in which case we will consider the possibility of direct criminal contempt of court. Which is your choice?

Not surprisingly, L.L.F. proceeded with a bench trial. Respondent entered a judgment of conviction and sentenced L.L.F. to a suspended sentence of 180 days, probation, fines, and costs.

Canons 1, 2A, 3B(2), and 3B(9) of the Code of Judicial Conduct generally require judges to uphold the integrity of the judiciary, to maintain high standards of conduct, to respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary, to be faithful to the law, to dispose of all matters fairly, and to avoid conduct prejudicial to the administration of justice.

■ In misrepresenting the law to L.L.F. and forcing her to choose between proceeding involuntarily without counsel or exercising her right to counsel and facing contempt and incarceration, Respondent violated these Canons.

*Sanction*

■ The Court has available a variety of sanctions it may impose upon a judge who violates the ethical obligations of the judicial office. Among the sanctions the Court may impose are removal from office, suspension, discipline as an attorney, limitations or conditions on the performance of judicial activities, reprimand, censure, or fine. Ind. Admission and Discipline Rule 25(IV)(A). In a few instances, the Court has deemed it necessary to suspend a judge from office without pay for some fixed period of time. *See, e.g., Matter of Sanders,* 674 N.E.2d 165 (Ind. 1996); *Matter of Boles,* 555 N.E.2d 1284 (Ind.1990).

The Respondent and Commission have agreed that Respondent violated the Judicial Canons and have agreed that an appropriate sanction is the suspension from office without pay for a period of thirty days. The Court also concludes that such a sanction is warranted in this case.

Accordingly, Judge Douglas A. Cox is suspended from office without pay for a period of thirty days beginning June 16, 1997 and ending July 15, 1997, both dates being inclusive. By separate order, the Court will appoint a judge *pro tempore* to serve in the Cass Superior Court during this period of suspension. Barring any further misconduct, Judge Cox shall be automatically reinstated to the office of judge of Cass Superior Court on July 16, 1997. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to these consolidated causes. Costs of this proceeding are assessed against Respondent.

All Justices concur.